

ATTORNEYS AT LAW
50 TICE BOULEVARD
SUITE 250
WOODCLIFF LAKE, NJ 07677

TELEPHONE  201-474-7100
FACSIMILE   201-474-7101
www.cmlawfirm.com

CALIFORNIA
FLORIDA
GEORGIA
INDIANA
NEW JERSEY
NEW YORK
PENNSYLVANIA
WASHINGTON

**WRITER'S DIRECT ACCESS**
**201-474-7100**
**dsanchez@cmlawfirm.com**

June 16, 2023

**VIA CM/ECF**
George V. Wylesol, Clerk of Court
United States District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

      Re:    **Thomas v. Shipt, Inc.**
             **District of New Jersey Civil Action No. 23-3313 (RMB/EAP)**

Dear Mr. Wylesol:

      This firm represents Defendant, Shipt, Inc. ("Defendant"), in the above-referenced matter.

      On June 15, 2023, Defendant timely removed this matter to federal court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446(a). However, because of an inability to electronically file in the United States District Court for the Eastern District of Pennsylvania yesterday, we filed the Notice of Removal with the United States District Court for District of New Jersey, Camden Vicinage, under Civil Action No. 23-3313 (RMB/EAP), which has been assigned to the Hon. Renée Marie Bumb, U.S.D.J., and the Hon. Elizabeth A. Pascal, U.S.M.J. We contacted PACER and the Eastern District of Pennsylvania and have resolved the electronic filing issue in the Eastern District of Pennsylvania and are in the process of preparing an application to have the District of New Jersey matter transferred to the Eastern District of Pennsylvania, either via motion to transfer venue, pursuant to 28 U.S.C. § 1404(b), or a consent order of counsel with approval of the Court.

      Accordingly, enclosed please find the electronically filed Notice of Removal with the District of New Jersey in this matter, dated June 15, 2023. See **Exhibit A**. We respectfully request that the Court accept the Notice of Removal and provide an Eastern District of Pennsylvania civil action number for this case.

      Should you have any questions or concerns, do not hesitate to contact the undersigned. Thank you for your time and attention to this matter.

{SECURE Firm/6192/00004/GENERAL/04084681.DOCX }

*George V. Wylesol, Clerk of Court*
*June 16, 2023*
*Page 2*

Respectfully submitted,

**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**

/s/ Douglas V. Sanchez

Douglas V. Sanchez, Esq.

cc:    Counsel of Record                    (via CM/ECF)
       Hon. Renée Marie Bumb, U.S.D.J.      (via CM/ECF)
       Hon. Elizabeth A. Pascal, U.S.M.J.   (via CM/ECF)

Exhibit A

Douglas V. Sanchez, Esq. (DS1565)
**CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP**
Mack Cali Corporate Center
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-399-0020
Attorneys for Defendant,
Shipt, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LADIA THOMAS<br>2108 E Chelten Ave<br>Philadelphia, PA 19138,<br><br>                    Plaintiff(s),<br><br>                    v.<br><br>SHIPT, INC.<br>17 20th St. N., Ste. 600<br>Birmingham, AL 35203<br><br>                    Defendant(s). | CIVIL ACTION NO. |

**NOTICE FOR REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441(a), 1441(b), and 1446(a) Petitioner, Shipt, Inc. ("Shipt"),

by its attorneys, Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet LLP, hereby gives notice and

removes this case to the United States District Court for the Eastern District of Pennsylvania. This

action is removable on the basis that the Eastern District of Pennsylvania has jurisdiction over the

subject matter of the lawsuit pursuant to 28 U.S.C. § 1332(a) because the amount in controversy

exceeds the sum or value of $75,000 and is between citizens of different states. Shipt respectfully

submits the following information in support of this request:

## I.    BACKGROUND AND STATE COURT PROCEDURAL POSTURE

1.      This case was commenced on May 15, 2023, in the Pennsylvania Court of Common Pleas, Philadelphia County, captioned <u>Ladia Thomas v. Shipt, Inc.,</u> Civil Action No 230501569. *See* true and correct copy of the Complaint attached as **Exhibit A**.

2.      Plaintiff, Ladia Thomas, alleges that on September 14, 2022, she was injured in a motor vehicle accident involving an unnamed John/Jane Joe driver who was allegedly operating a vehicle as an agent, servant, or employee of Defendant, Shipt. Plaintiff claims she sustained debilitating and permanent physical injuries as a result of the negligence of the Defendant.

3.      Shipt was served with a copy of the Complaint on or about May 16, 2023, via certified mail, at its principal place of business in Birmingham, Alabama.

## II.    GROUNDS FOR REMOVAL

4.      Under 28 U.S.C. §1441, Shipt has a statutory right to remove this case from state court to this United States District Court because this case could have been originally filed in this federal Court. The grant of this right is authorized by Article III, Section 2 of the United States Constitution, which extends judicial power of the federal court to controversies "between citizens of different states." 28 U.S.C. § 1332.

### a.  This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332

5.      Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is: (a) complete diversity of the Parties; and (b) more than $75,000 in controversy alleged.    Both elements are satisfied here.

6.      First, there is complete diversity of parties. Plaintiff is a Pennsylvania citizen with a residence at 2108 E Chelten Avenue, Philadelphia, PA 19138. *See* **Exhibit A,** ¶ 1.

7.      Shipt is a Delaware corporation with a principal place of business at 17 20th St. N.,

Ste. 600, Birmingham, AL 35203. *See* **Exhibit A,** cover page (listing Shipt's address as 17 20ᵗʰ Street
N., Suite 600, Birmingham, Alabama 35203). Thus, Shipt is a citizen of Delaware and Alabama.

8.      Second, this matter contains more than $75,000 in controversy. Plaintiff's Complaint

plainly states that Plaintiff "demand[s] judgement in [her] favor and against Defendant, SHIPT, Inc.,

in an amount in excess of Seventy-Five Thousand ($75,000), plus all costs and other relief this court

deems necessary." *See* **Exhibit A,** Wherefore Clause.

### b.    Shipt Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446(b)(3)

9.      Pursuant to 28 U.S.C. § 1446, a party must remove an action within 30 days of service

of the initial pleading or "if the case stated by the initial pleading is not removable, a notice of removal

may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy

of an amended pleading, motion, order or other paper from which it may first be ascertained that the

case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

10.     Shipt is filing the instant Notice of Removal within 30 days of service of the initial

pleading, i.e., the Complaint, on May 16, 2023. The filing of this Notice of Removal is timely. 28

U.S.C. § 1446(b)(3).

### III.    EFFECTUATION OF REMOVAL

11.     Removal is proper under 28 U.S.C. §§ 1332 and 1441 because the amount in

controversy, exclusive of interest and costs, exceeds $75,000 and the action is between citizens of

different states. Shipt thus hereby removes this action to the United States District Court for the

Eastern District of Pennsylvania. Venue lies in this Court because Plaintiff's State Court Action is

pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.   This Court's

jurisdiction encompasses Philadelphia County, Pennsylvania. *See* 28 U.S.C. § 108.  This Court is,

therefore, the proper court to which the action should be removed. *See id.* at § 1441(a). As required

by 28 U.S.C. § 1446(a), a copy of all records and proceedings from the Philadelphia Court of Common

Pleas are attached hereto as exhibits. **Exhibit A** is Plaintiff's Complaint. In accordance with 28 U.S.C.

§ 1446(d), Shipt filed written notice of this removal with the Clerk of the Court of Common Pleas of

Philadelphia County.  A copy of this Notice of Removal and the written notice of the same also are

being served upon Plaintiff.

WHEREFORE, Petitioner, Shipt, Inc., Defendant in the action described herein, which is

currently pending in the Pennsylvania Court of Common Pleas, Philadelphia County, Civil Action

No. 230501569, hereby removes this action to the United States District Court for the Eastern District

of Pennsylvania.


DATED:  June 15, 2023                          Defendant, Shipt, Inc.


                                               BY:
                                               Douglas V. Sanchez

I certify that a true copy of the Complaint filed in the Pennsylvania Court of Common Pleas,

Philadelphia County, along with a copy of the Summons issued to this defendant, is annexed hereto

as **Exhibit A**.


                                               BY:
                                               Douglas V. Sanchez

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Ladia Thomas

**DEFENDANTS**

Shipt, Inc.

**(b)** County of Residence of First Listed Plaintiff _____
    *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
    *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc I. Simon, Esq. 18 Campus Blvd, Suite 100,
Newtown Sq. PA, 19073 (215) 467-4666

Attorneys *(If Known)*

Douglas V. Sanchez, Esq. 1515 Market Street, Suite 1200
Philadelphia, PA 19102 (215) 399-0020

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                            *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| ☐ 1 | Original Proceeding | ☒ 2 | Removed from State Court | ☐ 3 | Remanded from Appellate Court | ☐ 4 | Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1441

Brief description of cause:
Personal injury

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER 230501569

DATE
June 15, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 04/21)

### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

#### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# Exhibit A

THIS IS NOT AN ARBITRATION COMPLAINT
AN ASSESSMENT OF DAMAGES HEARING    *Attested by the*
IS REQUIRED    *Office of Judicial Records*
*15 MAY 2023 03:29 pm*
*S. RICE*

**SIMON & SIMON, P.C.**

BY:  Marc I. Simon, Esquire          Kane Daly, Esquire
     Joshua A. Rosen, Esquire        Brittany Sturges, Esquire
     Matthew J. Zamites, Esquire     Roman Galas, Esquire
     Brian F. George, Esquire        Christopher Burruezo, Esquire
     Andrew Baron, Esquire           Anthony Canale, Esquire
     Joshua Baer, Esquire            Sam Gangemi, Esquire
     Michael K. Simon, Esquire       Abigail Boyd, Esquire
     Sam Reznik, Esquire             Paraskevoula Mamounas, Esquire
     Mary G. McCarthy, Esquire       Richard Santosusso, Esquire
     Harry Gosnear, Esquire
     Daniel Ward, Esquire
     Christopher Green, Esquire

Attorney ID No.'s:          *Attorneys for Plaintiff*
*201798*

18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215-467-4666)

| | | |
|---|---|---|
| Ladia Thomas | : | IN THE COURT OF COMMON PLEAS |
| 2108 E Chelten Ave | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19138 | : | |
| | Plaintiff | : | May Term 2023 |
| | : | |
| v. | : | |
| | : | |
| SHIPT, Inc. | : | |
| 17 20th St. N., Ste. 600 | : | |
| Birmingham, AL 35203 | : | |
| | Defendants | : |

Case ID: 230501569

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by Ms. Olson. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL AND**
**INFORMATION SERVICE**
**One Reading Center**
**Philadelphia Pennsylvania 19107**
**Telephone: (215) 238-6300**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene viente (20) días de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparecencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELÉFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASOCIACIÓN DE LICENCIADOS DE**
**FILADELFIA**
**SERVICIO DE REFERENCIA E**
**INFORMACIÓN LEGAL**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**Teléfono: (215) 238-6300**

Case ID: 230501569

## COMPLAINT

1.      Plaintiff, Ladia Thomas, is a resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2.      Defendant, SHIPT, Inc., is a business entity registered to do business in the Commonwealth of Pennsylvania, with a business address listed in the caption of this Complaint.

3.      On or about September 14, 2022, at or about 1:49PM, Plaintiff, Ladia Thomas, was the passenger of a motor vehicle, which was owned by Defendant, SHIPT, Inc., which was being operated by an employee and/or agent of Defendant, SHIPT, who was acting at times relevant hereto, within the scope of his employment and/or agency, traveling at or near the intersection of Broad and Elsner in Philadelphia PA.

4.      At or about the same date and time, Defendant's vehicle was involved in a motor vehicle collision cause a collision while Plaintiff was a passenger in the vehicle.

5.      The aforesaid motor vehicle collision was caused by the Defendant negligently and/or carelessly, operating his/her vehicle in such a manner so as to cause a collision while Plaintiff was a passenger in the vehicle.

6.      As a direct and proximate result of the joint and/or several and/or direct or vicarious negligence and/or carelessness of the Defendants, Plaintiff has sustained serious permanent personal injuries and damages.

7.      As a result of the incident, Plaintiffs suffered severe and permanent injuries including, right knee, neck and back, as set forth more fully below.

## COUNT I
### Ladia Thomas v. SHIPT, Inc.
### Negligent Entrustment

8.      Plaintiff incorporate the foregoing paragraphs of this Complaint as if set forth fully at length herein.

Case ID: 230501569

9.    The negligence and/or carelessness of Defendant, SHIPT, Inc., which was a proximate cause of the aforesaid motor vehicle collision and the resultant injuries and damages sustained by the Plaintiff, consists of, but is not limited to, the following:

    a.  Permitting the driver to operate the motor vehicle without first ascertaining whether or not he was capable of properly operating said vehicle;

    b.  Permitting the driver, to operate the motor vehicle when Defendant, SHIPT, Inc., knew, or in the exercise of due care and diligence, should have known that the driver, was capable of committing the acts of negligence set forth above;

    c.  Failing to warn those persons, including the Plaintiff, that Defendant, SHIPT, Inc., knew, or in the existence of due care and diligence should have known, that the Plaintiff would be exposed to the drivers negligent operation of the motor vehicle.

10.    As a direct result of the negligent and/or careless conduct of Defendant, the Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, aggravation of certain injuries and/or other ills and injuries including, right knee, neck and back, all to Plaintiff's great loss and detriment.

11.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, are presently and may in the future suffer great anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

12.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries, along with the physical injuries suffered.

13.    As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was

operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

      14.    As a further result of Plaintiff's injuries, Plaintiff has in the past, are presently and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

      15.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

      WHEREFORE, Plaintiff, Ladia Thomas, pray for judgment in their favor and against Defendant, SHIPT, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

**COUNT II**
**Ladia Thomas v. SHIPT, Inc.**
**Respondeat Superior**

      16.    Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth at length herein.

      17.    The negligence and/or carelessness of Defendant, itself and through its agent, the driver of the motor vehicle, acting at all times relevant hereto within the scope of the agency, which was the direct and proximate cause of the incident and the injuries and damages sustained by the Plaintiff consist of, but is not limited to:

        a.   Causing a collision while Plaintiff was a passenger in the vehicle;

        b.   Operating his/her vehicle into the other vehicles lane of travel;

        c.   Failing to maintain proper distance between vehicles;

d.  Operating his/her vehicle in a negligent and/or careless manner so as to cause a collision while Plaintiff was a passenger in the vehicle without regard for the rights or safety of Plaintiff or others;

e.  Failing to have his/her vehicle under proper and adequate control;

f.  Operating his/her vehicle at a dangerous and excessive rate of speed under the circumstances;

g.  Violation of the assured clear distance rule;

h.  Failure to keep a proper lookout;

i.  Failure to apply brakes earlier to stop the vehicle without striking the Plaintiff;

j.  Being inattentive to his/her duties as an operator of a motor vehicle;

k.  Disregarding traffic lanes, patterns, and other devices;

l.  Driving at a dangerously high rate of speed for conditions;

m.  Failing to remain continually alert while operating said vehicle;

n.  Failing to perceive the highly apparent danger to others which the actions and/or inactions posed;

o.  Failing to give Plaintiff meaningful warning signs concerning the impending collision;

p.  Failing to be highly vigilant and maintain sufficient control of said vehicle and to bring it to a stop on the shortest possible notice;

q.  Operating said vehicle with disregard for the rights of Plaintiff, even though Defendant was aware or should have been aware of the presence of Plaintiff and the threat of harm posed to Plaintiff;

Case ID: 230501569

    r.  Continuing to operate the vehicle in a direction towards the vehicle when Defendant saw, or in the exercise of reasonable diligence, should have seen, that further operation in that direction would result in a collision;

    s.  Failing to operate said vehicle in compliance with the applicable laws and ordinances of the Commonwealth of Pennsylvania, pertaining to the operation and control of motor vehicles.

18.    As a direct result of the negligent and/or careless, conduct of Defendant, Plaintiff suffered various serious and permanent personal injuries, serious impairment of bodily function, permanent serious disfigurement, and/or aggravation of certain injuries including right knee, neck and back, all to Plaintiff's great loss and detriment.

19.    As a result of these injuries, all of which are permanent in nature and all of which are to Plaintiff's great financial detriment and loss, Plaintiff has in the past, is presently, and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite time into the future.

20.    As an additional result of the carelessness and/or negligence of Defendant, Plaintiff has suffered emotional injuries along with the physical injuries suffered.

21.    As a direct result of the negligent and/or careless conduct of the Defendant, Plaintiff suffered damage to Plaintiff's personal property, including a motor vehicle, which Plaintiff was operating at the time of the aforesaid motor vehicle collision; including but not limited to, storage fees and towing, all to Plaintiff's great loss and detriment.

22.    As a further result of the injuries sustained, Plaintiff has, is presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

Case ID: 230501569

23.    Furthermore, in addition to all the injuries and losses suffered by Plaintiff, Plaintiff have also incurred or will incur medical, rehabilitative and other related expenses in an amount equal to and/or in excess of the basic personal injury protection benefits required by the Pennsylvania Vehicle Financial Responsibility Law, 75 Pa.C.S. Section 1701, et. Seq., as amended, for which he/she makes a claim for payment in the present action.

WHEREFORE, Plaintiff, Ladia Thomas, demand judgment in Plaintiff's favor and against Defendant, SHIPT, Inc., in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, plus all costs and other relief this court deems necessary.

SIMON & SIMON, P.C.

BY:    _____/s_____
Marc I. Simon, Esquire
Simon & Simon, P.C.
18 Campus  Blvd., Suite 100
Newtown Square, PA 19073
215-467-4666
*Attorney for Plaintiff*

Case ID: 230501569

## VERIFICATION

I, Marc Simon, hereby state that I am attorney for the Plaintiff in the within action and

that the facts set forth in this Civil Action Complaint above are true and correct to the best of my

knowledge, information and belief.

I understand that the statements in this Verification are made subject to the penalties of

18 U.S.C.A. § 1001 relating to unsworn falsification to authorities.

Marc I. Simon

Case ID: 230501569

DocuSign Envelope ID: 916DD06C-831F-44AD-B3AA-B7C48539C560

## VERIFICATION

I am the Plaintiff this action, and I hereby state that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that this Verification is subject to 18 Pa.C.S. § 4904 providing for criminal penalties for unsworn falsification to authorities.

DocuSigned by:

Ladia Thomas

4A51F1F28E3D4E3...

Case ID: 230501569

**SIMON & SIMON, P.C.**
Marc Simon, Esquire
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | | |
|---|---|---|
| Ladia Thomas | | IN THE COURT OF COMMON PLEAS |
| 2108 E Chelten Ave | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19138 | : | |
| Plaintiff | : | May Term 2023 |
| | : | |
| v. | : | |
| | : | |
| SHIPT, Inc. | : | |
| 17 20th St. N., Ste. 600 | : | |
| Birmingham, AL 35203 | : | |
| Defendants | : | |

## PLAINTIFF'S REQUESTS FOR ADMISSIONS - SET I
### Motor Vehicle Cases

REQUESTS FOR ADMISSION TO EACH DEFENDANT PURSUANT TO Pa.R.C.P. 4014:

1.  Defendant is not claiming that any vehicle defect was a factor in causing or contributing to the accident involving the Plaintiff.

2.  Answering Defendant admits there are no other entities, persons, agencies and/or parties which at all times material hereto was the owner, lessor, lessee and/or otherwise legally responsible for the care, control and/or safety of Defendant's vehicle as identified in Plaintiff's complaint.

**Interrogatory to number 2.**  If any of your responses to request for admissions are anything other than the unqualified admissions, set forth all facts, witnesses and documents upon which the denials or partial denials are based.

3.  Answering Defendant admits there are no other entities, persons, agencies and/or parties which at all times material hereto was the operator of Defendant's vehicle as identified in Plaintiff's Complaint at the time of the motor vehicle collision identified in Plaintiff's Complaint.

**Interrogatory to number 3.** If any of your responses to request for admissions are anything other than the unqualified admissions, set forth all facts, witnesses and documents upon which the denials or partial denials are based.

4. Answering Defendant has the permission of the owner of vehicle he/she was operating at the time of the accident with Plaintiff as specified in Plaintiff's Complaint.

5. Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint.

6. Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint with bodily injury liability limits of $15,000 per person and $30,000 per accident.

**Interrogatory to number 6.** If your response to Request for Admission #6 is anything other than an unqualified admission, set forth the insurance company and limits of the bodily injury policy.

7. Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint with bodily injury liability limits of $20,000 per person and $40,000 per accident.

**Interrogatory to number 7.** If your response to Request for Admission #7 is anything other than the unqualified admission, set forth the insurance company and limits of the bodily injury policy.

8. Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint with bodily injury liability limits of $25,000 per person and $50,000 per accident.

**Interrogatory to number 8.** If your response to Request for Admission #8 is anything other than the unqualified admission, set forth the insurance company and limits of the bodily injury policy.

9. Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint with bodily injury liability limits of $50,000 per person and $100,000 per accident.

**Interrogatory to number 9.** If your response to Request for Admission #9 is anything other than the unqualified admission, set forth the insurance company and limits of the bodily injury policy.

10. Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint with bodily injury liability limits of $100,000 per person and $300,000 per accident.

**Interrogatory to number 10.** If your response to Request for Admission #10 is anything other than the unqualified admission, set forth the insurance company and limits of the bodily injury policy.

11.    Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint with bodily injury liability limits of $250,000 per person and $500,000 per accident.

**Interrogatory to number 11.** If your response to Request for Admission #11 is anything other than an unqualified admission, set forth the insurance company and limits of the bodily injury policy.

12.    Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint with bodily injury liability limits greater than $250,000 per person and greater than $500,000 per accident

**Interrogatory to number 12.** If you admit Request for Admission #12, set forth the insurance company and limits of the bodily injury policy.

13.    Answering Defendant was covered by a policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint by a "combined single limit" insurance policy.

**Interrogatory to number 13** . If your response to Request for Admission #13 is anything other than an unqualified denial, set forth the insurance company and limits of the bodily injury combined single limit policy.

14.    Answering Defendant was covered by an excess or umbrella policy of automobile insurance for his/her operation of the motor vehicle involved in the accident specified in Plaintiff's Complaint.

**Interrogatory to number 14.** If your response to Request for Admission #14 is anything other than an unqualified denial, set forth the insurance company and limits of the umbrella or excess coverage.

15.    Answering Defendant has video footage of the incident set forth in the Complaint filed in the above matter.

**SIMON & SIMON, P.C.**

BY:_____/s_____
      Marc Simon, Esquire

Attorney for Plaintiff

**SIMON & SIMON, P.C.**
Marc Simon, Esquire
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | | |
|---|---|---|
| Ladia Thomas | : | IN THE COURT OF COMMON PLEAS |
| 2108 E Chelten Ave | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19138 | : | |
| Plaintiff | : | May Term 2023 |
| | : | |
| v. | : | |
| | : | |
| SHIPT, Inc. | : | |
| 17 20th St. N., Ste. 600 | : | |
| Birmingham, AL 35203 | : | |
| Defendants | : | |

## PLAINTIFFS INTERROGATORIES ADDRESSED TO DEFENDANT(S)

Pursuant to the Pennsylvania Rules of Civil Procedure, the Plaintiff(s) hereby serve(s) the

following Interrogatories upon Defendant(s), to be answered separately and fully, in writing,

under oath, within thirty (30) days of service.

## DEFINITIONS AND INSTRUCTIONS

A. "Document" shall mean the original and any non-identical copies and drafts, regardless of

origin or location, books, pamphlets or articles, letters, memoranda, tapes, telegrams, telexes,

records, books or records of accounts, financial statements, studies, handwritten notes, working

papers, charts, papers, graphs, indexes, data sheets or data processing cards, minutes, meeting

notes or any other written or recorded, transcribed, punched, tapes, filmed or graphic material,

however produced or reproduced, including in electronic form and/or electronically generated or

stored, in your possession and/or control or known by you to exist.

B. "Identify" or "identity," when used in connection with a natural person, shall mean to state his or her full name, and present or last known residence address, his or her present or last known position and primary business affiliation at the time in question. When used in connection with a corporate or business entity, state its full name, present business address, and state and describe the nature of its business.

C. "Identify" or "identity," when referring to a document, shall mean to: (a) note and list the date and type of document (e.g., letter, memorandum, computer tape, etc.); (b) identify the document's present location or custodian(s); (c) identify every author of the document, regardless of whether such person signed the document; and (d) identify every person to whom such document or any copy thereof was given or sent. If any such document was at one time but is no longer in your possession or subject to you control, state how, when and in what manner was disposed of.

D. The singular includes the plural and vice versa; the words "and" and "or" shall be construed in both the conjunctive and disjunctive; and the words "he," "she," "him," "her," etc., shall be construed to apply to persons of both sexes.

E. "Person" shall mean any natural person, corporation, partnership, association or business or other entity.

F.  "You" and "your" shall mean Defendant(s), his/her agents, employees, attorneys, representatives, insurance companies, claims managers, adjusters and all other persons acting or purporting to act for or on his behalf.

G.  The term "relates to," as used herein, means constitutes, refers, reflects, concerns, pertains to, or in any way, logically or factually connects with the matter, item or issue referenced or described in the interrogatory.

H.  Except where specifically indicated to the contrary, each interrogatory is directed to Defendant(s).  In the event that you draw any portion of any response to the Interrogatories wholly or in part from the information or belief of some other person and/or entity, indicate which other person and/or entity possesses the information or belief that formed the basis of such portion of such response.

I.  "Incident" or "occurrence" shall mean to refer to the auto collision referenced and identified in the Complaint in this matter, and the events and/or circumstances related to that collision.

J.  "Your Vehicle" shall mean the vehicle operated and/or owned by you at the date and time of the collision referenced and identified in the Complaint in this matter.

K.  "Your Operator" shall mean the driver of the Defendant's(s') vehicle at the date and time of the collision referenced and identified in the Complaint in this matter.

## II. RULES OF CONSTRUCTION

In construing these discovery requests:

A.   The singular shall include the plural and plural shall include the singular.

B.   A masculine, feminine or neuter pronoun includes the other genders.

C.   "And" and "Or" shall be construed both conjunctively and disjunctively to bring within

the scope of the interrogatory any information which might otherwise be construed to be

beyond its scope.

D.   The past tense includes the present tense where the meaning is not distorted by a change

of time.

## III. CLAIMS OF PRIVILEGE

If you withhold any information, including any document or communication, sought by

any discovery request on the basis of a claim of privilege, work product or any reason, you must:

(1) state the nature of the  privilege claimed or the basis for withholding the information

requested and as to the specific information withheld; (2) if pertinent, identify the attorney with

respect to whom the privilege is claimed; (3) identify every communication or document which

refers or relates to the information; (4) if pertinent, identify each person who heard or may have

heard the communication; (5) if pertinent, identify each person who read, received, or possessed

the document or a copy of the document; and (6) if pertinent, identify any portion of the

document or communication that is not privileged.

## IV. INSTRUCTIONS

A.    Where requested, you are to produce all documents within your possession, custody or control.

B.    Each interrogatory is to be answered by you separately and fully, in writing and under oath, within thirty (30) days after service of these Interrogatories, unless it is objected to, in which event the reasons for the objection should be stated in a manner which would enable the Court to decide on the merit of the objection.

C.    When a complete answer to a particular discovery request is not possible, the discovery request must be answered to the extent possible and a statement made indicating why only a partial answer is given and what must occur before a complete answer may be given.

D.    In lieu of identifying any document or communication, you may attach a true copy of such document or communication as an exhibit to your answers to these Interrogatories along with an explicit reference to the interrogatory to which each such attached document or communication relates.

E.    If you object to any portion of an interrogatory, provide all information called for by that portion of the interrogatory to which you do not ob

F.    These Interrogatories shall be deemed continuing, so as to require additional answers if further information is obtained between the time the answers are served and the time of trial. Such additional answers shall be served not later than ten (10) days after such additional information is received or before trial, whichever is earlier.

G.    You are cautioned that at the close of discovery, Plaintiff(s) may move to exclude any evidence or testimony not disclosed in your responses to these Interrogatories.

## PLAINTIFF'S(S') INTERROGATORIES DIRECTED TO DEFENDANT(S)

1.    Identify: Your full name (maiden name, if applicable), alias(es), date of birth, marital status (name of spouses) at the time the cause of action arose and currently, residence and business addresses at time of cause of action and currently and Social Security Number.

2.    If you were/are employed, identify:

    (a)    By whom, at the time the cause of action arose and currently:

    (b)    Your title or position and accompanying duties and responsibilities at the time the cause of action arose and currently:

    (c)    The length of your employment as of the time the cause of action arose and currently:

3.    If at the time of the alleged accident, you possessed a valid license to operate a motor vehicle, identify:

    (a)    The Commonwealth or State issuing it:

    (b)    The issuance date and expiration date:

    (c)    The operator's number of each such license:

    (d)    The nature of any restriction(s) on said license:

4.   Give a full and complete description of the vehicle you, or your operator,  were/was driving at the time of the accident, including make, model, year, color, VIN and license plate state and number.

5.   (a)   Were you a passenger in said motor vehicle at the time of the accident?

    (b)   Were you the operator of said motor vehicle at the time of the accident?

6.   Were you the owner of said motor vehicle at the time of the accident?

    (a)   if so, were you acting on your own behalf at the time of the accident?  If not, who were you acting on behalf of?

    (b)   if you were not the owner of said vehicle:

        (i) identify the name and address of the owner(s):

        (ii) were you the servant, agent or employee of the owner of said vehicle?

(iii) were you acting in the course of said owner's business, employment or authority?

        (iv) did you have the permission of the owner to drive the vehicle:

            (1) generally:

            (2) at the specific time of the accident?

7.      Regarding said vehicle, for the time of the accident, and immediately prior thereto, what was the condition of its:

     (a)      brakes:

     (b)      signaling device:

     (c)      steering apparatus:

     (d)      tires:

     (e)      lighting equipment:

     (f)      overall vehicle:


8.      Identify:

     (a)      Your applicable liability insurance benefits coverage limits:

     (b)      Your applicable umbrella and/or excess liability insurance benefits coverage limits at the time the cause of action arose:


9.      Identify the name and address of each and every occupant of each Defendant's(s') motor vehicle at the time of the occurrence and the position in the automobile occupied by such occupant.

10.    If you ever had a driver's license suspended or revoked, identify:

    (a)    When, were and by whom it was suspended or revoked:

    (b)    The reason(s) for such suspension or revocation:

    (c)    The period of such suspension or revocation:

    (d)    Whether such suspension or revocation was lifted and if so, when:

11.    Are you alleging such a defense to this lawsuit that your vehicle, or any parts thereof, were defective and, as such, a contributing factor to the cause of this accident?

12.    If so, identify in detail the nature of each and every defect and corresponding allegation.

13.    Identify in detail the part or parts of your vehicle damaged as a result of this accident.

14.    Identify the cost or estimates of repair to your vehicle and the name, address and telephone number of those persons or entities who prepared such estimates.

15.    With regard to the actual happening of the accident which is the subject matter of this litigation, identify the following:

(a)    the date, place and time of day of the accident:

(b)    your direction of travel at the moment of the accident and prior thereto?

(c)    the name of the roadway and a general description thereof:

(d)    the place where you initially commenced your trip:

(e)    your ultimate destination:

(f)    the length of time that the vehicle had been continuously in operation from the commencement of the trip until the time of the accident:

(g)    the distance, in miles, that the vehicle traveled from the time of the commencement of the trip until the time of the accident:

(h)    the general condition of vehicular and pedestrian traffic at the time of the accident:

(i)    the weather and roadway conditions at the time of the accident:

(j)    a statement of how the accident happened:

(k)    if the vehicle came into contact with any object or objects, pedestrian or other vehicle, identify same including the name and address of the owner and operator if another motor vehicle:

(l)    the odometer reading of your motor vehicle at the time of the accident:

(m)    the rate of speed of your vehicle at the moment of the accident:

(n)    each and every action you attempted to avoid the accident:

16.    If you have had a claim made against you for the negligent operation and/or entrustment of a motor vehicle within the last five (5) years, identify:

(a)    Your applicable motor vehicle liability insurance benefits carrier at the time that cause of action arose:

(b)    The Commonwealth or State, Court, Term and Number of any lawsuits arising from that cause of action:

17.    Identify the purpose of the motor vehicle trip you were on at the time of the alleged accident.

18.    Identify whether or not you were familiar with the scene of the alleged accident and how often you traveled through same.

19.    If you (and/or your operator) consumed any alcoholic beverage(s), medications (prescription and/or over-the-counter) or any illicit drugs, during the forty-eight (48) hours immediately preceding the alleged accident, Identify:

    (a)    The nature, amount and type of item(s) consumed:

    (b)    The period of time over which the item(s) was/were consumed:

    (c)    The names and addresses of any and all persons who have knowledge as to the consumption of the aforementioned items (i.e. witnesses, physicians, etc.)

20.    If at the time of the alleged accident, you (and/or your operator) suffered from any deformity, disease, ailment, disability or abnormality, or were under a physician's care for any condition, then describe.

21.    Identify you (and/or your operator's) family (or "primary care") physician and their professional address at the time the cause of action arose and currently.

22.    Describe the lighting conditions, weather conditions and the condition of the road(s) surface(s) existing at the time and place of the alleged accident.

23.    If there were any traffic control devices in the area of the alleged accident at that time, identify:

    (a)    The type of control(s) (i.e. stop sign, traffic light, policeman, etc.):

    (b)    Your distance from the site of the collision when you first observed the control:

    (c)    Whether or not the traffic control was functioning properly:

    (d)     To which street or byway the signal was controlling or designed to control:

24.    Describe the streets or other byways involved in the alleged accident, as follows:

    (a)     In terms of traffic lanes (i.e. parking, travel, turn-only lanes), the width of the streets or other byways:

    (b)     Type of road surface (i.e. concrete, black top, dirt, gravel, etc.):

    (c)     Roadway surface condition(s) (i.e. dry, wet, muddy, etc.):

    (d)     Any defects in the roadway which you believe contributed to the happening of the alleged accident:

25.    Identify in detail the manner in which the alleged accident occurred, specifying the speed, position, direction and location of each motor vehicle involved, just before, at the time of, and immediately after the alleged accident.

26.    Identify:

    (a)     In which lane the respective motor vehicles were traveling before the alleged accident occurred and in which lane the alleged accident occurred:

    (b)     When you first observed the other motor vehicle(s) (or pedestrian(s), bicycle(s), etc.) involved in the alleged accident, stating the distance at that moment from the ultimate point of contact and the other respective speeds of the motor vehicles at that time:

    (c)    The speed of your vehicle:

        (1)    At 100 feet from the point of contact:

        (2)    At 50 feet from the point of contact:

        (3)    At the point of contact:

    (d)    Whether your (and/or your operator's) view was clear or what obstruction, if any, existed at the time of the alleged accident:

    (e)    What you (and/or your operator) did in an attempt to avoid the alleged accident:

    (f)    The exact point of contact of the motor vehicles, in terms of distance from the various curb lines or other significant landmarks and their final resting positions:

    (g)    Whether the responding and/or investigating police officers cited any of the drivers involved in the alleged accident for a violation(s) of any statute, law, ordinance or regulation and if so, describe.

27.    If there was any physical evidence of the alleged accident at the scene, describe what it was and where it was located in relation to the curb lines or other significant landmarks.

28.    If after the alleged accident, there were any skid marks or yaw marks remaining on the roadway, describe their dimensions (length and width) and identify the motor vehicle which created the markings.

29.    Have you or your representative either made or obtained any reports or statements in connection with the subject litigation?

30.    If the answer to the preceding interrogatory is in the affirmative, then identify:

    (a)    the name, address, telephone number and title of the person, bureau, department, company or agency which made or received said report(s) or statement(s):

    (b)    the date of said report(s) or statement(s):

    (c)    the subject manner of said report(s) or statement(s):

    (d)    what the report(s) or statement(s) said:

    (e)    annex photostatic copies of said report(s) or statement(s) to your answers:

31.    If a Police investigation was conducted, identify the control number, the incident number and/or the report number, thereof.

32.    If you appeared before any Traffic Court, Municipal Court or District Court, identify the date and location and whether testimony was offered.

33.    Do you admit that you (and/or your operator) were negligent in the operation and/or control and/or entrustment of a motor vehicle at the time of the alleged accident?

34.    If you contend that Plaintiff(s) was guilty of comparative/contributory negligence, then fully and specifically describe upon what conduct, acts or omissions of Plaintiff(s) you base your contention.

35.    Do(es) the Defendant(s) or Defendant's(s') representative claim that the Plaintiff(s) violated any statute, ordinance, rule and/or regulation in connection with this accident?

36.    If the answer to the preceding interrogatory is in the affirmative, then state precisely what stature, ordinance, rule and/or regulation it is claimed Plaintiff(s) violated including the title and section thereof.

37.    Was any other vehicle involved in the accident which is the subject matter of the within litigation?

38.    If the answer to the preceding interrogatory is in the affirmative, then state with regard to each and every other such vehicle the following:

    (a)    the name, address and telephone number of the owner of the vehicle:

    (b)    the name, address and telephone number of the operator of the vehicle at the time of the accident:

    (c)    the year, make, model, color and license plate number of the vehicle:

(d)    the roadway, location and direction of travel of that vehicle at the time of the accident:

39.    If you and/or other occupants of your motor vehicle sustained any injuries in the alleged accident, identify the nature of those injuries and identify any and all healthcare professionals you/they consulted and/or treated with.

40.    If you have made any claim for benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law, or any similarly applicable State Statute or Act, identify:

(a)    The name of the insurance company to whom the claim was submitted:

(b)    The applicable claim number:

(c)    The name of the individual at the company who supervised your claim:

(d)    The total amount of healthcare professionals' charges (i.e. medical bills) claimed:

(e)    The total amount of wage-loss claimed:

(f)    The total amount of any other economic losses and/or damages claimed (i.e. property damage):

(g)    The total amount of healthcare professionals' charges, wage loss and/or other economic losses and/or damages actually paid pursuant to such law, Statute or Act:

41.  If you made any claim, or you contemplate making any claim, for damages and/or losses
     sustained as a direct result of the alleged accident, identify the damages and/or losses
     claimed, the insurance carrier to whom such claim was made and the Commonwealth or
     State, County, Court, Term and Number of any lawsuit filed in this regard.  If the matter
     was amicable resolved (i.e. settled), identify with whom    and for what amount of
     compensation.

42.  If you have engaged, or expect to engage, healthcare professionals and/or other expert
     witnesses (i.e. accident reconstructionist), whom you intend to have testify or whose
     report you intend to submit at trial on your behalf on any matter pertaining to this action,
     identify:

     (a)  The name of the expert:

     (b)  The expert's professional address:

     (c)  The expert's occupation:

     (d)  The expert's specialty:

     (e)  The expert's qualifications (i.e. curriculum Vitae):

     (f)  The topic or subject manner upon which the expert is expected to testify:

     (g)  The substance of the facts to which the expert is expected to testify:

     (h)    The substance of the opinion to which the expert is expected to testify:

     (i)    A summary of the grounds or foundation for each opinion the expert is expected to testify:

43.    List specifically and describe in detail each and every exhibit which you anticipate will be or may be used at trial of this matter, starting with respect to each, the source, the character (e.g., a picture, a diagram, etc.), and a date when the exhibit was prepared and by whom it was prepared.

44.    If you, your attorney or any representative of yours, conducted any sound, photographic, motion picture film, personal sight or any other type of surveillance of the Plaintiff(s), identify:

     (a)    By whom (name and address of company and individual):

     (b)    The date(s) of such surveillance:

     (c)    The time(s) of such surveillance:

     (d)    The location(s) of such surveillance:

     (e)    The method by which such surveillance was made:

     (f)    A summary of what such surveillance reveals:

45.    Do(es) the Defendant(s)or Defendant's(s') representatives claim that the Plaintiff(s) suffered any accident or injury other than the accident of the subject suit and the injuries suffered from such accident?

46.   If the answer to the preceding interrogatory is in the affirmative, then identify:

    (a)   the date of each and every report, Plaintiff's(s') statement or witness's statements with respect to any such accident or injury:

    (b)   the name and address of the person(s) who made such report(s) and statements and the details thereof:

    (c)   the date of each and every medical report, hospital report, x-ray report or medical providers report with respect to the diagnosis, treatment or prognosis or any such injury or accident:

    (d)   the details appearing upon all such medical reports, x-ray reports or medical provider's reports and, attach copies of such reports:

47.   Identify the name, home and business addresses of the following:

    (a)   Those who actually witnessed the alleged accident:

    (b)   Those who were present at or near the scene at the time of the alleged accident:

    (c)   Those who have any knowledge or information as to any facts pertaining to the circumstances and/or manner of the happening of the alleged accident and/or the nature of the injuries sustained in the alleged accident:

48.   Identify the name, addresses and telephone numbers of all persons known to the Defendant, his/her counsel, his/her servants, agents, employees, and/or representatives

who, while they did not witness the accident, have relevant knowledge of the conditions of the scene of the accident existing prior to or at or immediately after the accident.

49.    (a)    Are any of the people listed in the preceding interrogatory relatives, agents, servants, employees, and/or representatives of the Defendant?

    (b)    If the answer to the preceding interrogatory is in the affirmative, state the relationship that existed at that time, and whether there has been any change to date.

50.    List the names, addresses, telephone numbers, official titles, I.D. and badge numbers of all witnesses, other than expert witnesses, who will be called upon to testify in support of your claims in this action, indicating with respect to each the nature and substance of the testimony expected to be given and stating the relationship, if any, of the witness to Defendant(s).

51.    At the time of the alleged accident or immediately thereafter, did you have any conversation(s) with or make any statement(s) to any of the parties or witnesses, or did any of them make any statement(s) to you or in the presence. If so, state the substance of any such conversation(s) and identify in whose presence it/they occurred.

    (a)    Identify whether any reports, oral, written or transcribed, where made by the Defendant(s)or by any person on behalf of the Defendant, to any agency or department of the government of the United States or the Commonwealth of Pennsylvania or other local authority. If so, state:

        (1) dates when made:

        (2) the name, address, telephone number and job classification of person making same:

        (3) to whom made:

(b)     Location of copies or such reports and the name, address, telephone number of the person(s) having custody or possession thereof:

(c)     Identify whether at the time of the accident or immediately thereafter you had any conversations with or made any statements to any parties or witnesses, or did any of the parties or witnesses make any statements or have any conversations with your or in your presence. If so, identify:

(1) in detail, the contents of such conversations or statements:

(2) when each conversation took place:

(3) where each conversation took place:

(4) the exact length of time after the accident when each conversation took place:

(5) the name, address and telephone number(s) of the person(s) in whose presence each conversation or statement took place:

(6) in whose possession each such statement, if written, is in:

(7) the contents of each such statement and, attach a copy of each such statement hereto.

52.     Identify the name and address of the person answering these Interrogatories and   their relationship with the Defendant(s).

53.     Prior to answering these interrogatories, have you made a due and diligent search  of your books, records, and papers and a due and diligent inquiry of your agents and employees, with a view to elicit all information available in this action?

54.     If at the time of the accident or incident you were covered under any agreement providing liability insurance, state the following:

(a)    the name and address of each insurance company affording coverage;

(b)    the policy number of each policy;

(c)    the amounts of coverage afforded under each policy;

(d)    the policy term or period during which each policy was in effect;

(e)    whether or not the insurance company is affording a defense pursuant to a Reservation of Rights or a Non-Waiver Agreement

(f)    if a defense is being afforded under Reservation of Rights or Non-Waiver Agreement, state the basis for said Reservation of Rights or Non-Waiver Agreement.

**SIMON & SIMON, P.C.**

BY:_____/s_____

Marc I. Simon, Esquire
Simon & Simon, P.C.
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
*Attorney for Plaintiff*

## VERIFICATION

I _____, subject to the penalties of 18 Pa C.S.A. Section 4904,

relating to unsworn falsification to authorities, state the attached answers and/or documents are

submitted in response to the foregoing Interrogatories, and that to the best of my knowledge,

information and belief they are true and complete.


_____
Signature

**SIMON & SIMON, P.C.**
Marc Simon, Esquire
Attorney I.D. No. 201798
18 Campus Blvd., Suite 100
Newtown Square, PA 19073
(215) 467-4666

| | | |
|---|---|---|
| Ladia Thomas | : | IN THE COURT OF COMMON PLEAS |
| 2108 E Chelten Ave | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19138 | : | |
| Plaintiff | : | May Term 2023 |
| | : | |
| v. | : | |
| | : | |
| SHIPT, Inc. | : | |
| 17 20th St. N., Ste. 600 | : | |
| Birmingham, AL 35203 | : | |
| Defendants | : | |

### PLAINTIFF'S(S') REQUEST FOR PRODUCTION
### OF DOCUMENTS ADDRESSED TO DEFENDANT(S)

Pursuant to the Pennsylvania Rules of Civil Procedure, the Plaintiff(s) hereby serve(s) the following Request for Production of Documents upon Defendant(s). Defendant(s) is/are to produce the documents and items identified and specified below for inspection and copying within thirty (30) days from the date of service. The requested documents and items should be made available for inspection and copying during regular business hours at the offices of Simon & Simon, PC, 18 Campus Blvd., Suite 100, Philadelphia, PA 19073, within thirty (30) days of the date of service of this Request.

### I. DEFINITIONS

Plaintiff(s) herein incorporates the definitions section in the Interrogatories directed to Defendant(s) which were served simultaneously with these Requests.

### \II. RULES OF CONSTRUCTION

In construing these discovery requests:

A. The singular shall include the plural and plural shall include the singular.

B. A masculine, feminine or neuter pronoun includes the other genders.

C. "And" and "or" shall be construed both conjunctively and disjunctively to bring within the scope of the interrogatory any information which might otherwise be construed to be beyond its scope.

D. The past tense includes the present tense where the meaning is not distorted by a change of time.

E. The period of time encompassed by these requests shall be from the date of the alleged accident to the date of answering, unless otherwise indicated. Note, this request is continuing up to and at the time of trial.

## III. INSTRUCTIONS

A. In producing the documents called for by this Request, segregate those documents in their original file folders into separate folders or boxes (as appropriate) numbered to correspond to the particular requests calling for their production. Insofar as reasonably possible, you are requested to maintain the integrity of any applicable filing and recordkeeping system by producing together any documents responsive to this Requests that are found together in the files.

B. If you do not respond to a document request, in whole or in part, because of a claim of privilege, set forth: the privilege claim; the facts upon which you rely to support the claim of privilege; and identify all documents for which such privilege is claimed. In

particular, if you refuse to produce a document because of a claim of attorney-client privilege, identify: the author or the other persons who prepared or generated the document; the capacity in which that person was acting when he or she produced the document; all recipients of the document; and the subjects or topics discussed in the document.

C.  If you maintain that any document or record was, but is no longer in existence, in your possession or subject to your control, state whether it

      1.  is missing or lost;

      2.  has been destroyed;

      3.  has been transferred, voluntarily or involuntarily to others; or

      4.  has been otherwise disposed of.

In each instance, set forth: the contents of the document; the location of any copies of the document; and the circumstances surrounding its disposition, stating the date of its disposition, any authorization therefore, the persons responsible for such disposition, and the policy, rule, order or other authority by which such disposition is made.

D.  Along with your responses to each of the below-numbered document requests, (a) list and identify each person who participated in or supplied information with respect to the preparation of the response to such document requests, and (b) specify whether each such person supplied relevant information, participated in the preparation of the response, or both.  If the response to any document request contains information supplied by more than one person, specify the particular information supplied by each such person.

E.  This Request shall be deemed continuing, so as to require the production of any

additional documents obtained between the time you serve your responses and the time of

trial.  Such additional documents shall be served not later than ten (10) days after they are

obtained or before trial, whichever is earlier.

F.  You are cautioned that at the close of discovery, Plaintiff(s) may move to exclude any

documents or materials not disclosed or produced in your responses to this Request.

## PLAINTIFF'S(S') REQUEST FOR PRODUCTION
## OF DOCUMENTS ADDRESSED TO DEFENDANT(S)

1.    The entire claims and investigation file or files including but not limited to daily activity

sheets, diary sheets, and status sheets of any insurance adjuster and/or risk employee/manager,

internal memorandum regarding this claim created, sent and/or received by any insurance

adjuster or other adjuster, risk employee/manager and/or by the Defendant(s) or an

agent/employee of the Defendant(s), or potential parties, request(s) for investigation, and/or

reports/findings of investigators, both in-house and/or independent and/or all insurance policies

of the Defendant(s), excluding references to mental impressions, conclusions, or opinions

representing the value or merit of the claim or defense or respecting strategy or tactics and

privileged communications from counsel.

2.    All documents, writings drawings, graphs, charts, photographs,  videotapes, phono-

records, tape recordings, things and other compilations of data (hereinafter called "documents")

in the custody, control or possession of the Defendant(s), its/their attorney, insurer or other agent

or representative, regarding the investigation of Plaintiff's(s') claim and/or incident set forth in

Plaintiff's(s') Complaint, including, but not limited to, documents relating to the scene of the accident, injuries, property damage, parties or other subject matter relevant to this litigation.

3.     All statements and communications of any and all witnesses including any and all statements of Plaintiff(s) and Defendant(s), including taped recordings, whether transcribed or not, as well as all written statements.

4.     The name, home and business address of the insurance carrier Investigators employed by the Defendant(s) or its insurance carrier to investigate this claim, treatment of the Plaintiffs, witnesses, or any other aspect of the incidents that form the basis of Plaintiff's(s') Complaint. Also, attach any documents, records or communications of or prepared by the investigator acquired as a result of their investigation(s), including but not limited to telephone calls, correspondence, facsimiles, e-mail, billing, inspections or observations, interviews, statements and/or findings.

5.     The name, home and business address, background and qualifications of any and all persons in the employ of Defendant(s), who in *anticipation* and/or *preparation* of litigation, is expected to be called to trial.

6.     Any and all documents and communications containing the name and home and business addresses of all individuals contacted as *potential* witnesses.

7.     Each statement made by a party or witness. For purposes of this request, "statement" means a written statement signed or otherwise adopted or approved by the person making it, or a stenographic mechanical, electrical or other recording, or a transcript thereof, which is substantially a verbatim recital of an oral statement by the person making it and contemporaneously recorded.

8.      Reports, communications, and/or documents prepared by any and all experts who *will* testify or whose reports will be submitted at trial.

9.      Reports, manuals, textbooks, policy sheets or other documents, or communications which any said expert, potential expert, witness or potential witness has consulted or reviewed as a *result* or in *preparation* of this litigation or *will* consult or review.

10.     Resumes and qualifications of any and all experts who *will* testify or whose reports will be submitted at trial.

11.     Any and all documents and communications substantiating any defense to Plaintiff's(s') cause of action.

12.     Copies of any and all reports and records prepared by and physician, hospital or healthcare provider who has examined Plaintiff(s) *excluding* those actually provided by counsel for Plaintiffs.

13.     Central indexing information on Plaintiff, and any and all Defendant(s) or employees of the Defendant(s) for this alleged accident, alleged prior accident(s), and alleged subsequent accident(s).

14.     Verification of the policy limits for liability benefits, medical payments and any "umbrella" or excess benefits, including a copy of the policy, including applicable policy declarations page.

15.     Copies of internal memoranda, inter-office memos, facsimiles, e-mail or other documents or communications regarding this claim, made by the Defendant(s) and/or any agent and/or employee of Defendant(s), or their insurance carrier(s).

16.     Any and all reports, communications and/or documents prepared by Defendant(s) or their employee(s)/agent(s) containing the facts, circumstances and causes of the alleged accident.

17.     The name and address of the manager of Defendant's(s') claim office located at the place where Plaintiff's(s') medical bills and reports were submitted to.

18.     Any and all documents of any nature whatsoever which refer in any way to the incident described in Plaintiff's(s') Complaint and/or the facts or circumstances leading up to and following said incident.

19.     All property damage estimates rendered for any object belonging to the Plaintiff(s) and/or Defendant(s) which was involved in this alleged accident.

20.     Any and all bills and/or summaries of expenses or costs relating to injuries, treatment, property damage or other economic loss of any kind which was incurred by Defendant(s).

21.     Any and all press releases concerning this alleged accident or any incident relating to this lawsuit.

22.     Federal, state and local annual, quarterly, and monthly tax returns or other filings with the IRS including, but not limited to, deposit coupons, sales and use tax filings, estimated payment tax forms and itemized deductions regarding the subject premises of the Defendant(s) named herein.

23.     Any and all documents or other tangible materials of any nature whatsoever which you plan to have marked for identification at a deposition or trial, introduce into evidence at a deposition or trial, or about which you plan to question a witness at a deposition or trial.

24.     Any and/or all documents or communications of any nature whatsoever which relate, refer or pertain to Plaintiff, any other party to this action, the incident, incident site and/or instrumentally involved in the incident described in Plaintiff's(s') Complaint.

25.    All documents and/or communications relating to any facts on the basis of which it is asserted that the conduct of the Plaintiff(s) contributed to the happenings of the alleged occurrence or to the alleged injuries or losses suffered allegedly as a result of this accident.

26.    Any and all documents of any nature whatsoever referred to in Defendant's(s') Answers to Plaintiff's(s') Interrogatories.

27.    Any and all documents, exhibits of any kind, or other things discoverable pursuant to the Pennsylvania Rules of Civil Procedure which Defendant(s) presently or in the future intend to introduce into evidence at time of trial.

28.    If the native or original format of any of the documents, photographs, etc. referred to in the above requests for production is not in the possession of the Defendant(s) or Defendant's(s') agents but is available in a digital format such as a gif jpeg pdf or other file format, Defendant(s) is hereby requested to produce either a disc (floppy, cd or dvd) or email (to intake@gosimon.com) containing the native digital files for said document.

**Simon & Simon, PC**

BY:_____/s_____
         Marc Simon, Esquire

## CERTIFICATE OF SERVICE

I, Brittany Sturges, Esquire, attorney for Plaintiff(s), certify that the foregoing Plaintiff's(s')
Interrogatories, Requests for Admissions and Request for Production of Documents Addressed to
Defendant(s) were served on May 16, 2023:

**VIA CERTIFIED MAIL**
SHIPT, Inc.
17 20th St. N., Ste. 600
Birmingham, AL 35203

_____/s_____

Marc Simon, *Attorney for Plaintiff*
